IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

v.   CRIMINAL ACTION NO. 4:07-CR-21TSL-JCS

DAVID EARL HUGHES

## PRELIMINARY ORDER OF FORFEITURE

On September 8, 2008, defendant DAVID EARL HUGHES, was found guilty by a jury of Counts 1 of the Indictment filed in the above styled cause.

IT IS HEREBY ORDERED THAT:

1. As a result of the jury conviction on Counts 1 of the Indictment, for which the Government sought forfeiture pursuant to Title 18, United States Code, Section 924(d)(1), the defendant, DAVID EARL HUGHES shall forfeit to the United States all property that was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations.

2. Based on the evidence at the trial and the allegations included in the government's motion, the Court finds that the following property is subject to forfeiture pursuant to Title 18, United States Code, Section 924(d)(1) and Rule 32.2 of the Federal Rules of Criminal Procedure, and that the defendant has an interest in such property and that the Government has established the requisite nexus between such property and such offense. Therefore the Court finds that the property described below shall be forfeited to the United States:

## **PERSONAL PROPERTY**

(1) One Marlin rifle, Model 60, .22 caliber, serial number 99205442.

3. The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property. No such notice is required to the extent that this Order consists solely of a money judgment against the defendant. Rule 32.2(c)(1).

4. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 18 U.S.C. § 982(b)(1).

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing [or before sentencing if the defendant consents] and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

6. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

7. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and

before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 18 U.S.C. § 982(b) for the filing of third party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

The Clerk of the Court shall forward four certified copies of this order to the U.S. Attorney's Office, 188 E. Capitol Street, Suite 500, Jackson, MS 39201.

SO ORDERED AND ADJUDGED this 29th day of September, 2008.

/s/Tom S. Lee  
UNITED STATES DISTRICT JUDGE